FILED

12/14/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 19-0704

FILED

DEC 14 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

JACOB SMITH,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

ORDER

This Court reviews briefs to ensure compliance with Rules 11 and 12 of the Montana Rules of Appellate Procedure. After reviewing the Appellant's opening brief filed on December 14, 2020, this Court has determined that the brief does not comply with the Rules and must be resubmitted.

M. R. App. P. 12(1)(a) states, "The brief of the appellant shall contain under appropriate headings and in the order here indicated: (a) *A table of contents*, with page references, and a table of cases (alphabetically arranged), statutes and other authorities cited, with references to the pages of the brief where they are cited." (Emphasis added.) Appellant's opening brief does not contain a table of contents with the referenced cases and statutes relied upon.

Additionally, M. R. App. P. 12(1)(d) states, "*A statement of the facts* relevant to the issues presented for review, with references to the pages or the parts of the record at which material facts appear." (Emphasis added.) Appellant's opening brief not only neglected a statement of the facts section, but also contained no references to the record material to this matter.

Appellant's opening brief also lacks a certificate of compliance, which is required pursuant to M. R. App. P. 11(4)(e). The rule states, "A brief must be accompanied by certification of compliance which states the document's line spacing and states either: (1) the document is proportionally spaced, together with the typeface, point size, and word count; or (2) the document uses a monospaced typeface, together with the number of

characters per inch and word count, or, the number of counted pages . . . ." Appellant's opening brief did not contain a certificate of compliance.

Because Appellant's opening brief was written using a Typewriter, the brief cannot exceed 30 pages. M. R. App. P. 11(4)(b). Due to the additions of a table of contents and a statement of fact section, required of Appellant pursuant to the rules listed above, Appellant should be cautious that his re-filed opening brief must still meet the length requirements; meaning it shall not exceed 30 pages.
Therefore,

IT IS ORDERED that the signed original and nine copies of the referenced brief be returned for revisions necessary to comply with the specified Rules;

IT IS FURTHER ORDERED that a signed original and nine copies of the revised brief ordered herein be filed within ten (10) days of the date of this Order with the Clerk of this Court and that one copy of the revised brief be served on each counsel of record;

IT IS FURTHER ORDERED that no changes, additions, or deletions other than those specified in this Order may be made to the brief as originally filed;

IT IS FURTHER ORDERED that the postage costs for returning the referenced copies of Appellant's brief will be billed to the Appellant, appearing pro se, by the Clerk of this Court and shall be due and payable upon receipt; and

IT IS FURTHER ORDERED that the times for any subsequent briefing contained in M. R. App. P. 13 shall run from the date of filing of the revised brief.

The Clerk of this Court is directed to mail a true copy of this Order to Appellant and to mail a true copy of this Order to all counsel upon whom the brief was served.

DATED this 14th day of December, 2020.

For the Court,

By _____
Justice